UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SERGIO RODRIGUEZ,

    Plaintiff,

v.   Case No.:   6:20-cv-1368-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

Plaintiff Sergio Rodriguez filed a Complaint on July 30, 2020. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions. (Doc. 28). For the reasons set forth herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**    **Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.     Procedural History

Plaintiff protectively filed a claim for a period of disability and disability insurance benefits on November 21, 2016, alleging a disability onset date of April 16, 2008. (Tr. at 19).[1] Plaintiff's claim was denied at the initial level on January 12, 2017, and upon reconsideration on September 5, 2017. (*Id.*). Plaintiff requested an administrative hearing, which was held on June 14, 2019, before Administrative Law Judge ("ALJ") M. Hart. (*Id.* at 30-65). The ALJ issued an unfavorable decision on July 15, 2019. (*Id.* at 16-24). On June 3, 2020, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-4). Plaintiff then filed his Complaint with this Court on July 30, 2020, (Doc. 1), and the parties consented to proceed before a

---

[1] The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The new regulations do not apply in Plaintiff's case because Plaintiff filed his claim before March 27, 2017.

United States Magistrate Judge for all purposes, (Docs. 23, 25). The matter is, therefore, ripe.

### III.     Summary of the Administrative Law Judge's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff "last met the insured status requirements of the Social Security Act on December 31, 2009." (Tr. at 21). At step one, the ALJ found that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of April 16, 2008 through his date last insured of December 31, 2009 (20 [C.F.R. §] 404.1571 *et seq.*)." (*Id.*). At step two, the ALJ found that "[t]hrough the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 [C.F.R. §] 404.1520(c))." (*Id.*). Accordingly, the ALJ held that Plaintiff "was not under a

3

disability, as defined in the Social Security Act, at any time from April 16, 2008, the alleged onset date, through December 31, 2009, the date last insured (20 [C.F.R. §] 404.1520(c))." (*Id.* at 23).

## IV.   Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*,

4

979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

V.     **Analysis**

On appeal, Plaintiff raises one issue. As stated by the parties, the issue is "[w]hether the ALJ erred at step two by finding Plaintiff had no medically determinable impairments." (Doc. 28 at 12 (emphasis omitted)).

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because evidence shows that Plaintiff has severe impairments. (*Id.*). Plaintiff asserts that the ALJ's erroneous finding was harmful because the ALJ stopped his analysis at step two. (*Id.*).

As an initial matter, in his brief, Plaintiff explains that he was unable to obtain the records from his treating physician during the relevant time period. (*See id.* at 14). As such, Plaintiff relies on evidence pre- and post-dating the relevant time period. (*See id.* at 13-17).

First, Plaintiff cites a June 2019 letter from Dr. Chutinan – his treating doctor after the relevant period – in which Dr. Chutinan states that "Plaintiff's pathology likely began from a 2009 work injury." (*Id.* at 13 (citing Tr. at 412)). Plaintiff also highlights another letter in which Dr. Chutinan opined that Plaintiff was disabled due to a neck and back sprain. (*Id.* at 13-14 (citing Tr. at 341)). Further, Plaintiff notes that Dr. Chutinan reviewed Plaintiff's medical history and gave an opinion that relates back to the relevant period. (*Id.* at 14).

Second, Plaintiff cites a December 2006 treatment note in which Dr. Ranganathan diagnosed him with degenerative disc disease and a history of depression, which Plaintiff contends are consistent with the impairments alleged in the current application. (*Id.* at 14-15). Plaintiff asserts, however, that the ALJ did not address this evidence in his decision and remand is, therefore, warranted. (*Id.* (citing *Hamlin v. Astrue*, No. 3:07-cv-507-J-TEM, 2008 WL 4371326, at *4 (M.D. Fla. Sept. 19, 2008))).

Third, Plaintiff cites diagnostic imaging findings that he contends support the severity of his impairments but were not considered by the ALJ. (*See id.* at 15-16 (citing Tr. at 235-36, 277, 348, 350)). Plaintiff contends that the ALJ's failure to address the diagnostic findings warrants remand. (*See id.* at 16-17 (citations omitted)).

In response, Defendant argues that "Plaintiff failed to meet his burden of proving that he was disabled within the meaning of the Social Security Act." (*Id.* at 19-20 (citations omitted)). Defendant also contends that substantial evidence supports the ALJ's finding that Plaintiff did not have a medically determinable impairment between his alleged onset date of April 16, 2008, through his date last insured. (*See id.* at 20-21). In support, Defendant summarizes the ALJ's findings as well as the discussion between Plaintiff and the ALJ at Plaintiff's administrative hearing. (*See id.* at 21-23 (citations omitted)).

Defendant asserts that the "diagnostic evidence" on which Plaintiff relies predates the alleged onset date and was considered by an ALJ during the prior

application period. (*Id.* at 23-24). Given this, Defendant argues that the cases cited by Plaintiff are distinguishable and that "Plaintiff cites no authority for the principle that an ALJ reversibly errs by failing to consider and/or specifically discuss evidence that relates to a previously adjudicated period." (*Id.* at 23-24). Further, because the diagnostic evidence pre- and post-dates the relevant time period, Defendant argues that the imaging alone does not show that Plaintiff has a medically determinable impairment. (*See id.* at 24 (citations omitted)). Defendant essentially argues that the existence of an impairment does not establish a disability. (*Id.* at 24-25 (citations omitted)).

Defendant also contends that substantial evidence supports the ALJ's decision to afford Dr. Chutinan's statements and opinion little weight. (*See id.* at 26-27). As to Dr. Chutinan's opinion on an issue reserved to the Commissioner, Defendant argues that the statement deserves no specific weight. (*Id.* at 26-27 (citations omitted)). As to Dr. Chutinan's statements regarding when Plaintiff's impairments began, Defendant highlights that the ALJ properly found that the statements conflict. (*Id.* at 27-28 (citing Tr. at 23, 341, 388, 395, 397, 412)). To the extent Dr. Chutinan's statements relate to a period after the relevant period, Defendant contends that the ALJ properly gave them little weight. (*Id.* at 28 (citations omitted)). Finally, to the extent the statements relate to the relevant period, Defendant argues that the ALJ properly found them unsupported. (*Id.* at 28-29 (citations omitted)). Ultimately, Defendant contends that "Plaintiff has not pointed to any evidence, whether from

7

the relevant period or not, that establishes error or meets his burden to show that he had a medically determinable impairment between 2008 and 2009." (*Id.* at 29).

A plaintiff must prove that he is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). For disability insurance benefits, a plaintiff must show eligibility for benefits on or before his date last insured. *Id.* (citing 42 U.S.C. § 423(a)(1)(A)). In the instant case, Plaintiff must show his eligibility for benefits on or before his date last insured—December 31, 2009.

A person is considered disabled and entitled to disability benefits if he does not have the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). At step two of the sequential evaluation, the ALJ determines whether any of the impairments are either severe or not severe. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). To determine if an impairment is severe, an ALJ must determine whether the impairment significantly limits a plaintiff's physical or mental ability to do basic work activity. *Gray v. Comm'r of Soc. Sec.*, 426 F. App'x 751, 752 (11th Cir. 2011) (citing *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(c))). A plaintiff's burden at step two is mild. *McDaniel*, 800 F.2d at 1031. "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.*; *Delia v. Comm'r of Soc. Sec.*, 433 F. App'x

885, 887 (11th Cir. 2011); *Gray*, 426 F. App'x at 754. "Step two is a threshold inquiry that 'allows only claims based on the most trivial impairments to be rejected.'" *Gray*, 550 F. App'x at 853 (quoting *McDaniel*, 800 F.2d at 1031).

In assessing whether Plaintiff had a medically determinable impairment, the ALJ highlighted that:

> The claimant alleged he is unable to work due to bulging and herniated discs, depression, arthritic shoulders, headaches, plantar fasciitis, pelvis muscle nerve damage, knee disease, diverticulitis, ankle and wrist problems, left leg blood clot, and panic attacks ([Tr. at 180-89]). Due to these alleged conditions, the claimant reported he experiences symptoms such as pain and headaches. Because of these reported symptoms, the claimant stated he has difficulties sitting, standing, and walking ([Tr. at 202, 222, 223-24]).

(Tr. at 22). The ALJ also summarized Plaintiff's testimony at the hearing noting that Plaintiff: (1) "reported experiencing extreme highs and lows, as well as mood issues since his 20's;" and (2) "testified to being in extreme pain for days at a time and being unable to walk from his car to the house." (*Id.*). Yet, the ALJ noted that "there is no evidence of mental health treatment or recurrent emergency room visits for significant physical mental symptoms during the relevant period." (*Id.*). Thus, the ALJ found that Plaintiff did not have a medically determinable impairment during the relevant period. (*Id.*).

In support of his decision, the ALJ began by discussing the lack of evidence during the relevant time period. (*Id.*). Specifically, the ALJ highlighted that: (1) Plaintiff received no significant care during the relevant time period or for several

9

years after the relevant period; (2) "[n]othing in the record establishe[d Plaintiff's] unwillingness or inability, when necessary, to seek medical treatment;" and (3) the record contains no evidence of clinical, diagnostic or laboratory findings establishing a medically determinable impairment during that time. (*Id.*). The ALJ then considered certain opinion evidence pre- and post-dating the relevant time period—namely that of Drs. Promes, Horn, and Chutinan. (*Id.* at 23).

Upon review of the decision, the Court finds that the ALJ failed to fully discuss the evidence pre- or post-dating the relevant time period. (*Id.* at 19-24). Specifically, although he discussed the opinions of Drs. Promes, Horn, and Chutinan, (*see id.* at 23), the ALJ failed to discuss Dr. Ranganathan's December 26, 2006 treatment notes, (*see id.* at 235-37), or the MRIs taken in 2004, 2012, 2015, (*see id.* at 235-36, 276-77, 347-53). While this evidence does not fall within the relevant time period, an ALJ must consider "all evidence in your case record when we make a determination or decision" as to whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(3). Such evidence includes evidence that pre- or post-dates the relevant time period. *See Hamlin v. Astrue*, No. 3:07-cv-507-J-TEM, 2008 WL 4371326, at *4 (M.D. Fla. Sept. 19, 2008) (finding that evidence predating the alleged onset date must be considered because while "such evidence may be of little relevance, . . . it still is of relevance"); *see also Garrett v. Comm'r of Soc. Sec.*, No. 6:16-cv-01516-CEM-GJK, 2017 WL 1460733, at *3 (M.D. Fla. Mar. 15, 2017), *report and recommendation adopted*, No. 6:16-cv-1516-CEM-GJK, 2017 WL 1438321 (M.D. Fla. Apr. 24, 2017)

(noting that "[c]ourts within the Eleventh Circuit have found pre-onset date evidence to be significant so long as such evidence is: 1) within close proximity to the onset date; and 2) relevant to a claimant's impairments"); *Nichols v. Comm'r of Soc. Sec.*, No. 6:16-cv-1819-DCI, 2018 WL 746940, at *3 (M.D. Fla. Feb. 7, 2018) (collecting cases to support the proposition that "even when an opinion significantly predates a claimant's alleged onset date such that the opinion is of limited relevance, courts in [the Eleventh] Circuit have required the ALJ to weigh the opinion"). The Court has found the ALJ's failure to do so reversible error. *See Hamlin*, 2008 WL 4371326, at *4-5.

Additionally, the Court is not persuaded by Defendant's argument that because an ALJ considered the 2006 evidence in Plaintiff's previous application, the ALJ did not err in failing to discuss it here. The Eleventh Circuit has rejected a similar argument. *See Luckey v. Astrue*, 331 F. App'x 634, 640 (11th Cir. 2009).

In *Luckey v. Astrue*, the Eleventh Circuit considered whether the ALJ erred in finding that the plaintiff did not have a severe impairment in the form of paranoid personality disorder and in failing to state with specificity the weight he accorded to each medical opinion in the record and the reasons therefor. *Id.* at 638. The Eleventh Circuit noted that there were three mental health opinions, two of which— those of Dr. Oatley—pre-dated the relevant time period and had been considered as part of the plaintiff's prior application. *Id.* at 639-40, 640 n.1. While the Eleventh Circuit acknowledged "the force of the argument that the ALJ was not required to consider [the diagnoses contained in Dr. Oatley's notes] because they pertained only

11

to [the plaintiff's] previous disability application," the Eleventh Circuit nonetheless found that because the reports were part of the record evidence considered by the ALJ, the Court needed "some basis for determining whether the ALJ considered Oatley's reports, and, if so, what weight he accorded them." *Id.* at 640 n.1.  Because he failed to explicitly discuss the notes and state the weight afforded to them, the Eleventh Circuit concluded that it was unclear whether the ALJ considered Dr. Oatley's opinions.  *Id.* at 640.  In light of this, *inter alia*, the Eleventh Circuit vacated the district court's decision and remanded the case with instructions that the case be remanded to the Commissioner.  *Id.*

While Plaintiff's argument rests on the objective medical evidence as well as Dr. Ranganathan's diagnoses, the Court finds the Eleventh Circuit's reasoning in *Luckey* persuasive given the requirement the ALJ consider all evidence of record.  Because the ALJ failed to discuss Dr. Ranganathan's opinions or afford them a specific weight and failed to discuss the MRI evidence, the Court finds that the ALJ erred.  *See Martin v. Astrue*, No. 3:08-cv-1013-J-TEM, 2010 WL 1038484, at *5 (M.D. Fla. Mar. 19, 2010) (citing *Luckey*, 331 F. App'x at 639 and reversing the ALJ's decision because the ALJ failed to specify the weight given to opinions considered in the plaintiff's prior application).

Additionally, the Court cannot find this error harmless given the similarities between the evidence that pre-dates the relevant time frame and the evidence that post-dates the relevant time frame as well as the impairments Plaintiff alleged in his application.  Rather, the possibility remains that had the ALJ properly considered all

12

the evidence of record, the ALJ would have found that Plaintiff had a severe impairment and continued in the sequential evaluation. Thus, the Court finds remand is warranted given the ALJ's error.

Because the Court finds that remand is warranted in light of the ALJ's failure to consider Dr. Ranganathan's treatment notes and opinions as well as the MRI evidence, the Court need not consider Plaintiff's remaining arguments. Rather, on remand, the Commissioner is directed to re-evaluate all evidence of record.

## VI.     Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds that the decision of the Commissioner is due to be remanded. Accordingly, the Court **ORDERS** that:

1. The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand, the Commissioner must:

    (1) Consider Dr. Ranganthan's treatment notes and opinions, specifying the weight afforded and the reasons thereto; (2) consider the diagnostic imaging evidence; and (3) re-evaluate all evidence of record.

3. Any application for fees, costs, or expenses must comply with the Court's Standing Order on Management of Social Security Cases, *In re Administrative Orders of the Chief Judge*, Case No. 3:21-mc-1-TJC, Doc. 43 (Dec. 7, 2021).

4. The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 4, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

14